IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IJEAMAKA EKWEANI, *et al.*      :
                 :
 v.             : CIVIL NO. CCB-07-3432
                  :
BOARD OF EDUCATION OF HOWARD :
COUNTY, *et al.*        ...o0o...

## MEMORANDUM

On December 31, 2008, the court granted the defendants' motions to dismiss the claims brought by plaintiff Elonna Ekweani ("Elonna") and her mother Ijeamaka Ekweani ("Ijeamaka"), Arizona residents, alleging that the defendants violated Elonna's civil rights and committed various state torts by failing to abate hazardous conditions at a public elementary school in Howard County, Maryland between 1992 and 1998.[1] All of Ijeamaka's claims were dismissed with prejudice, as were most of Elonna's claims. Two of Elonna's claims, however, were dismissed without prejudice, and the court granted her 21 days to seek leave to amend her complaint to cure deficiencies related to those claims. When Elonna failed to seek leave to amend within that 21-day period, the court dismissed with prejudice the remaining claims on January 29, 2009. Now pending before the court is Elonna's motion for reconsideration, filed February 9, 2009. Elonna also seeks leave to amend her complaint. The issues have been fully briefed, and no hearing is necessary. For the following reasons, the motions will be denied.

## ANALYSIS

---

[1] A full factual background can be found in the court's earlier opinion, which is incorporated herein by reference. *See Ekweani v. Bd. of Educ. of Howard County*, CCB-07-3432 (D. Md. Dec. 31, 2008).

1

Elonna seeks relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Inasmuch as Elonna's motion was filed fewer than ten days after entry of judgment, it is appropriately treated as a motion to alter or amend judgment, made pursuant to Rule 59(e), *Knowles v. Mutual Life Ins. Co. of New York*, 788 F.2d 1038, 1040 (4th Cir.1986). Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice," *see United States ex rel Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) (quoting *Pac.Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403(4th Cir.1998)). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2801.1 (1995)).

Elonna has failed to assert grounds justifying relief under Rule 59(e) or Rule 60(b).[2] She maintains that amendment is necessary in this case to prevent manifest injustice because she did not receive a copy of the court's December 2008 order. Specifically, she claims that despite being a named plaintiff in this action, the civil cover sheet to her complaint and summons did not contain her name and address.[3] In addition, she claims that her mother, whose name and address were on the cover sheet and summons, similarly did not receive the order likely because the post office failed to deliver the mail or placed it in the wrong mailbox. Elonna also maintains that her

---

[2]Fed. R. Civ. P. 60(b)(1) allows the court to grant relief to a party in the case of "mistake, inadvertence, surprise, or excusable neglect[.]"

[3]In fact it does contain her name, listing the same Arizona address as her mother. It does not appear that she ever provided a Maryland address where notice could be served as directed by Local Rule 102.1.b.iii (D. Md. 2008).

mother checked the status of the litigation on December 31, 2008 and "was informed a ruling had not yet been made." (Pl.'s Mot. for Recons. at 2.)

While the court is sympathetic to Elonna's situation, it appears that she is at least partly to blame for her failure to comply with the court's order. Despite being a named plaintiff in this case, there has been no suggestion that Elonna, an adult when the case was filed, ever checked the status of her pending litigation. *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2nd Cir.2001), *cert. denied*, 535 U.S. 929 (2002) (stating that "parties have an obligation to monitor the docket sheet and inform themselves of the entry of orders..."). Rather, she appears to have relied exclusively on her mother for that task, which is not sufficient to satisfy her independent obligation.[4] Moreover, the suit was filed nearly a decade after Elonna's injuries were alleged to occur and one day prior to the running of the statute of limitations on Elonna's claims, most of which were dismissed on the merits. In light of Elonna's failure to diligently monitor and pursue her own litigation, which contributed to her failure to comply with the court order, the court is not convinced that amendment is necessary to prevent manifest injustice.

Nor do the circumstances rise to the level of excusable neglect contemplated by Rule 60(b).[5] *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811

---

[4]The plaintiff's claim that her mother checked the status of the case on December 31, 2008, just prior to the issuance of the court's order, does not mitigate her own failure to adequately monitor the docket. Moreover, the plaintiff offers no explanation for why neither she nor her mother rechecked the status of the case before January 29, 2009, when the court ordered the final dismissal.

[5]The Supreme Court articulated the standard for "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, setting forth four factors for courts to consider: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable

(4th Cir. 1988) (explaining that when a party is at fault, as opposed to an attorney, "the [judicial system's need for finality and efficiency in litigation] dominate and the party must adequately defend its conduct in order to show excusable neglect"). While Elonna's delay in filing the present motion was not substantial, the only reason posited for the delay was her failure to receive the court's December 2008 order.[6]  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (concluding defendant's excuse for failing to respond to a lawsuit – an unexplained disappearance of the summons and complaint from mail room – did not rise to level of mistake, inadvertance, surprise or excusable neglect under Rule 60(b)). As discussed above, Elonna's failure to monitor the status of her pending litigation was a factor in her failure to comply. Lastly, Elonna has failed to "show 'extraordinary circumstances' suggesting that [she] is faultless in the delay," thus Rule 60(b)(6), which authorizes relief from judgments for "any other reason that justifies relief[,]" is inapplicable. *See Pioneer*, 507 U.S. at 393; *see also MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008).

---

control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); *see also Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996); *Cronin v. Henderson*, 209 F.R.D. 370, 371 & n.1 (D. Md. 2002).  " 'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534.

[6]The court notes that under Fourth Circuit law a party's claim of failing to receive notice of an order or judgment for purposes of filing an appeal does not satisfy Rule 60(b)(1). *See Hensley v. Chesapeake & Ohio Ry.*, 651 F.2d 226, 229 (4th Cir. 1981).

Accordingly, the plaintiff's motions will be denied. A separate order follows.

| | |
|---|---|
| __August 17, 2009__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |